

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  ANDREW GSCHWIND, State Bar #231700
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3973
6  Facsimile:    (415) 554-3837

7  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO and
8  JOSEPH MCCLOSKEY

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11
   FRED BROUSSARD,                    Case No. **10    4997**
12
          Plaintiff,                  NOTICE OF REMOVAL OF ACTION UNDER
13                                     28 U.S.C. § 1441(b) (FEDERAL QUESTION
       vs.                            JURISDICTION)[28 U.S.C. §§ 1441, 1446]
14
   JOHN McCLOSKEY; CITY AND COUNTY    DEMAND FOR JURY TRIAL
15  OF SAN FRANCISCO; DOES 1 – 20,
   inclusive,
16
          Defendants.
17

18

19  TO THE CLERK OF THE ABOVE COURT AND TO PLAINTIFF AND HIS COUNSEL OF
   RECORD:
20

21        NOTICE IS HEREBY GIVEN that defendants City and County of San Francisco and Joseph

22  McCloskey, named as defendants in the above-captioned action, No. CGC-10-504362 in the files and

23  records of the Superior Court of California for the County of San Francisco, hereby remove said action

24  to the United States District Court for the Northern District of California, pursuant to 28 U.S.C.

25  sections 1441 and 1446, and are filing in said Superior Court a Notice of Removal.

26        Defendants, pursuant to 28 U.S.C. §§1441 and 1446, present the following facts to the Judges

27  of the United States District Court for the Northern District of California:

28

   NOTICE OF REMOVAL                        1                    n:\lit\li2010\110449\00660066.doc
   U.S.D.C. Case No.

1  A civil action bearing the above-caption was commenced in the Superior Court of California

2  for the City and County of San Francisco, Case No. CGC-10-504362 on October 4, 2010, and is

3  pending therein.

4  Counsel for defendant City and County of San Francisco accepted a Notice and

5  Acknowledgment of Receipt - Civil on behalf of defendant City in lieu of personal service on October

6  26, 2010.  Counsel for defendant Joseph McCloskey accepted a Notice and Acknowledgment of

7  Receipt - Civil in lieu of personal service on behalf of defendant McCloskey on November 2, 2010.

8  The sixth and seventh causes of action set forth in the complaint allege claims for violation of

9  42. U.S.C. § 1983. More specifically, plaintiff alleges that defendants violated plaintiff's rights under

10  the Fourth (and Fourteenth) Amendment(s) of the United States Constitution.

11  All named defendants join in this removal.

12  This action is one which may properly be removed to this Court pursuant to 28 U.S.C. sections

13  1441(a) and (b), because the complaint alleges that defendants violated the Fourth Amendment of the

14  United States Constitution.

15  To the extent that plaintiff's complaint alleges a claim or cause of action other than violation of

16  rights under the laws of the United States, said causes of action may be removed and adjudicated by

17  this Court pursuant to 28 U.S.C. §1441(c).

18  Pursuant to 28 U.S.C. §1446(b), copies of the process, pleadings and other orders served upon

19  defendants in this action are attached as Exhibit A.  Defendants' answer and related documents are

20  attached as Exhibit B.

21  WHEREFORE, defendants pray that the above action now pending in the Superior Court of

22  California for the County of San Francisco be removed in its entirety to this Court for all further

23  proceedings.

24  **DEFENDANTS' DEMAND FOR JURY TRIAL**

25  Defendants City and County of San Francisco and Joseph McCloskey demand a trial by

26  \\

27  \\

28  \\

NOTICE OF REMOVAL                                    2                          n:\lit\li2010\110449\00660066.doc
U.S.D.C. Case No.

1 || jury in this action on all issues so triable.

2

3 Dated: November 2, 2010

4
DENNIS J. HERRERA
City Attorney

5
JOANNE HOEPER
Chief Trial Deputy

6
ANDREW GSCHWIND
Deputy City Attorney

7

8
By
ANDREW GSCHWIND

9
Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

2   I, DOROTHY SILVER, declare as follows:

3   I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

4

5   On ~~October 27~~, *Nov. 3* 2010, I served the following document(s):

6   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION JURISDICTION) [28 U.S.C. §§ 1441, 1446] and JURY TRIAL DEMAND**

7   on the following persons at the locations specified:

8   Arnold I. Berschler, Esq.            Joseph May
    BERSCHLER ASSOCIATES, PC            LAW OFFICE OF JOSEPH S. MAY
9   22 Battery Street, Suite 801         22 Battery Street, Suite 801
    San Francisco, CA 94111              San Francisco, CA 94111
10  Fax: (415) 398-1410                  Fax: (415) 398-1410

11  *Attorneys for Plaintiff*            *Attorneys for Plaintiff*

12  in the manner indicated below:

13  ☒   **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of
14      the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with
        the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's
        Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed
15      for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

16  ☐   **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed
        envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional
17      messenger service. **A declaration from the messenger who made the delivery ☐ is attached** or **☐ will be
        filed separately with the court.**

18  ☐   **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and
19      correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the
        fax numbers listed above. The fax transmission was reported as complete and without error. The transmission
20      report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is
        attached** or **☐ will be filed separately with the court.**

21      I declare under penalty of perjury pursuant to the laws of the State of California that the
22  foregoing is true and correct.
23  Executed ~~October 27~~, *Nov. 3* 2010, at San Francisco, California.

24                                          DOROTHY SILVER

25

26

27

28

NOTICE OF REMOVAL                        4                          n:\lit\li2010\110449\00660066.doc
U.S.D.C. Case No.



1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  ANDREW GSCHWIND, State Bar #231700
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3973
6  Facsimile:    (415) 554-3837

7  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO
8  and JOSEPH MCCLOSKEY

ENDORSED
F I L E D
Superior Court of California

NOV 0 3 2010

CLERK OF THE COURT
BY: ___ WESLEY RAMIREZ ___
Deputy Clerk

9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SAN FRANCISCO

12                      UNLIMITED JURISDICTION

| | |
|---|---|
| FRED BROUSSARD, | Case No. CGC-10-504362 |
| Plaintiff, | **DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES** |
| vs. | Date Action Filed:    October 4, 2010 |
| JOSEPH MCCLOSKEY; CITY AND COUNTY OF SAN FRANCISCO; DOES 1-20, inclusive, | Trial Date:           None Set |
| Defendants. | |

Defendants City and County of San Francisco, a municipal corporation, and Joseph

McCloskey, respond to plaintiffs' unverified complaint as follows:

Pursuant to section 431.30 of the California Code of Civil Procedure, defendants deny each

and every allegation in the complaint.

### SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against defendants.

1

**SECOND AFFIRMATIVE DEFENSE**

2

(Comparative Negligence)

3 Defendants allege by way of a plea of comparative negligence that plaintiffs are negligent in
4 and about the matters and activities alleged in the complaint; that said negligence contributed to and
5 was a proximate cause of plaintiffs' alleged injuries and damages, if any, or was the sole cause thereof;
6 and that if plaintiffs are entitled to recover damages against defendants, then defendants pray that the
7 recovery be diminished or extinguished by reason of the negligence of plaintiffs in proportion to the
8 degree of fault attributable to plaintiffs.

9

**THIRD AFFIRMATIVE DEFENSE**

10

(Contribution)

11 Defendants allege that the fault of persons other than defendants contributed to and
12 proximately caused the occurrence; and under the principles formulated in the case of *American*
13 *Motorcycle Association v. Superior Court*, 20 Cal. 3d 578 (1978), and under the provisions of
14 California Civil Code §§1431, 1431.1, 1431.2 and 1431.3, defendants pray that the percentage of such
15 contribution be established by special verdict or other procedure, and that defendants' ultimate liability
16 be reduced to the extent of such contribution.

17

**FOURTH AFFIRMATIVE DEFENSE**

18

(Statute of Limitations)

19 Defendants allege that the complaint and each and every cause of action therein is barred by
20 the statute of limitations as set forth in California Government Code §§ 901, 945.4, 945.6, 945.8,
21 California Code of Civil Procedure § 335 *et seq.*, and related statutes, as well as the four-year statute
22 of limitations for RICO claims (*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143
23 (1987)).

24

**FIFTH AFFIRMATIVE DEFENSE**

25

(Failure to Mitigate Damages)

26 Defendants allege that the complaint and each and every cause of action therein is barred
27 because plaintiffs failed to use reasonable diligence to mitigate damages allegedly sustained by them,
28 and said failure bars or reduces the recovery, if any, from answering defendants.

2

**SIXTH AFFIRMATIVE DEFENSE**

(Defendants' Acts Not A Proximate Cause)

Defendants state that any act or omission on the part of the defendants was not the proximate cause of plaintiffs' injury.

**SEVENTH AFFIRMATIVE DEFENSE**

(Negligence of Third Parties - Equitable and Statutory Indemnity for Defendants)

Defendants state that plaintiffs' injuries were caused by the negligence or other act or omission of third parties, and defendants are entitled to equitable and statutory indemnity from such third parties.

**EIGHTH AFFIRMATIVE DEFENSE**

(Denial of Damages)

Defendants deny that plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of defendants.

**NINTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendants allege the provisions of the California Government Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

**TENTH AFFIRMATIVE DEFENSE**

(Immunity - Barred by Tort Claims Act)

The complaint is barred by the provisions and immunities of the California Tort Claims Act, without limitation: Government Code Sections 815; 815.2; 815.3; 815.4; 815.6; 816; 818; 818.2; 818.4; 818.5; 818.6; 818.7; 818.8; 818.9; 820; 820.2; 820.21; 820.25; 820.4; 820.6; 820.8; 820.9; 821; 821.2; 821.4; 821.5; 821.6; 821.8; 822; 822.2; 823; 825; 825.4; 825.6; 827; 830; 830.1; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.21; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835; 835.2; 835.4; 840; 840.2; 840.4; 840.6; 844; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 850.6; 850.8; 854; 854.2; 854.3; 854.4; 854.5; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; 856.6; 860; 860.2; 860.4; 862; 865; 866; 867; 895; 895.2; 895.4; 895.6; 895.8. Under

3

1  California law, defendants are liable only pursuant to statute.

2                    **ELEVENTH AFFIRMATIVE DEFENSE**

3                         (Claims Requirements)

4        Plaintiffs failed to comply with the claims requirements with respect to suits against public

5  entities, pursuant to Government Code Sections 900-915.4, 930-951 inclusive and other applicable

6  statutes.

7                     **TWELFTH AFFIRMATIVE DEFENSE**

8              (Variance Between Tort Claim and Complaint)

9        Plaintiffs' purported causes of action are limited to those factual allegations and theories of

10  recovery set forth in plaintiffs' written government tort claim, if any, and that to the extent that the

11  complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to

12  state a cause of action and is barred pursuant to Government Code §§ 905, 910, 911.2, 945.5, 950.2,

13  950.6 and related provisions.

14                  **THIRTEENTH AFFIRMATIVE DEFENSE**

15                            (Good Faith)

16        Defendants allege that the employees, officials and agents of defendants were at all times

17  material hereto acting with both subjective and objective good faith, such that any claim for relief that

18  plaintiffs may have is barred by law.

19                  **FOURTEENTH AFFIRMATIVE DEFENSE**

20                             (Estoppel)

21        By reason of plaintiffs' own acts and omissions, plaintiffs are estopped from seeking any

22  recovery from defendants by reason of the allegations set forth in the complaint.

23                   **FIFTEENTH AFFIRMATIVE DEFENSE**

24                           (Res Judicata)

25        The complaint and each cause of action therein is barred by the doctrine of collateral estoppel,

26  res judicata, and the case law prohibiting a plaintiff from "splitting" claims or causes of action.

27  *Ferraro v. Southern Cal. Gas Co.*, 102 Cal. App. 3d 33 (1980).

28

                                            4

1     **SIXTEENTH AFFIRMATIVE DEFENSE**

2     (No Punitive Damages)

3     The City and County of San Francisco, a public entity, is immune from liability for exemplary

4     damages herein pursuant to the provisions of Section 818 of the California Government Code.

5     **SEVENTEENTH AFFIRMATIVE DEFENSE**

6     (Assumption of Risk)

7     Plaintiffs had full knowledge of the risk involved in the activity in which plaintiffs were

8     engaged at the time of the occurrence of the incident set forth in the complaint; plaintiffs voluntarily

9     assumed all the risks incident to the activity engaged in at the time and place mentioned in the

10     complaint, and the loss or damage, if any, sustained by plaintiffs were caused by said risks.

11     **EIGHTEENTH AFFIRMATIVE DEFENSE**

12     (Careless, Reckless, Wanton and Negligent Acts)

13     At all times mentioned in the complaint, plaintiffs acted in a careless, reckless, wanton and

14     negligent manner in and about the matters set forth in the complaint; such careless, reckless, wanton

15     and negligent conduct proximately contributed to the injuries and damages, if any, sustained or

16     claimed by plaintiffs; that as a consequence, plaintiffs' claims are barred.

17     **NINETEENTH AFFIRMATIVE DEFENSE**

18     (Release)

19     Plaintiffs have released defendants of liability.

20     **TWENTIETH AFFIRMATIVE DEFENSE**

21     (Several Liability)

22     In the event that defendants are found to be liable – which liability is specifically denied and

23     stated merely for the purposes of this affirmative defense – such liability, if any, for non-economic

24     damages shall be several, and not joint, pursuant to the California Fair Responsibility Act of 1986

25     (Proposition 51) as set forth in Sections 1431.2 and 1432 et seq of the California Civil Code.

26     Defendants request that the trier of fact be instructed that the amount of non-economic damages be

27     allocated in direct proportion to the percentage of fault, if any, assessed against each person or entity

28     to which the Act applies and that a separate judgment be rendered against each such person or entity in

5

1   the amount of such non-economic damages attributable to that person or entity.

2   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

3   (Use Of Force Justified)

4   The complaint and each cause of action therein is barred because the use of force against the

5   plaintiffs by defendants, if any, was privileged and justified.

6   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

7   (Unclean Hands)

8   The complaint and each cause of action therein is barred by the doctrine of unclean hands.

9   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

10   (Legal Justification)

11   Defendants had legal justification for any actions and omissions and therefore the complaint

12   and each and every cause of action therein is barred.

13   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

14   (Self-Defense / Defense Of Others)

15   The Complaint and each cause of action is barred because any force used against plaintiffs, if

16   any, was lawful exercise of self-defense or defense of others.

17   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

18   (Consent to Use of Force)

19   At all times relevant to plaintiffs' complaint herein, plaintiffs knowingly, voluntarily and/or

20   willingly consented to the use of force and/or contact upon his person.

21   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

22   (Force Not Excessive)

23   No more force or contact was used on plaintiffs' person than was necessary to effect detention,

24   overcome any resistance thereto, prevent escape therefrom, prevent injury to the officers and/or to

25   facilitate and safeguard a valid police investigation.

26   **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27   (CA Penal Code Sections Re Arrest & Use of Force)

28   Defendants allege that at all times mentioned in plaintiff's Complaint herein, Defendants acted

6

1 | in accordance with and pursuant to §§834, 834a 835, 835a, and 836 of the California Penal Code.

2 | **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

3 | (Mutual Combat)

4 |     Defendants allege that plaintiffs had full knowledge of the risks involved in the mutual combat

5 | activity in which plaintiffs engaged and set forth in the complaint herein; that plaintiffs voluntarily

6 | assumed all the risks incident to the activity engaged in at the time and place mentioned in said

7 | complaint, and that the loss or damage, if any, sustained by plaintiffs was caused by said risks, which

8 | were accepted and voluntarily assumed by plaintiffs when they engaged in said activity.

9 | **TWENTY-NINTH AFFIRMATIVE DEFENSE**

10 | (Peace Officer Immunities Apply)

11 |     Defendants are immune from any liability and protected against the burden of litigation under

12 | the statutory and common law immunities protecting peace officers, prosecutors and public officials.

13 | These immunities include, but are not limited to, Penal Code Section 847(b)(1).

14 | **THIRTIETH AFFIRMATIVE DEFENSE**

15 | (Additional Affirmative Defenses)

16 |     Defendants presently have insufficient knowledge or information on which to form a belief as

17 | to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right

18 | to assert additional defenses in the event that discovery indicates that they would be appropriate.

19 |

20 | **ADDITIONAL AFFIRMATIVE DEFENSES**

21 |     Defendants presently have insufficient knowledge or information on which to form a belief as

to whether they may have additional, as yet unstated, defenses available. Defendants reserves the right

22 | to assert additional defenses in the event that discovery indicates that this would be appropriate.

23 |

24 |

25 | WHEREFORE, defendants pray for judgment as follows:

26 | 1.    That plaintiffs take nothing from defendants;

27 | 2.    That the complaint be dismissed with prejudice;

28 |

7

1      3.     That judgment be entered in favor of defendants;

2      4.     That defendants recover costs of suit herein, including attorneys' fees; and

3      5.     For such other relief as is just and proper.

5  Dated: November 2, 2010

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
ANDREW GSCHWIND
Deputy City Attorney

By: _____
    ANDREW GSCHWIND

Attorneys for Defendants

DEFS' ANSWER TO COMPLAINT    Case No. 10- 504362    n:\lit\li2010\110449\00660038.doc

1

## PROOF OF SERVICE

2

I, DOROTHY SILVER, declare as follows:

3    I am a citizen of the United States, over the age of eighteen years and not a party to the above-
entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building,
4    1390 Market Street, Fifth Floor, San Francisco, CA 94102.

5    On November 2, 2010, I served the following document(s):

6    **DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES**

on the following persons at the locations specified:

7

Arnold I. Berschler, Esq.                    Joseph May
8    BERSCHLER ASSOCIATES, PC          LAW OFFICE OF JOSEPH S. MAY
22 Battery Street, Suite 801                22 Battery Street, Suite 801
9    San Francisco, CA 94111                  San Francisco, CA 94111
Fax: (415) 398-1410                         Fax: (415) 398-1410

10

*Attorneys for Plaintiff*                      *Attorneys for Plaintiff*

11

in the manner indicated below:

12

☒    **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of
13         the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with
the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's
14         Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed
for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

15

☐    **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed
16         envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional
messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached or** ☐ **will be**
17         **filed separately with the court.**

18

☐    **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed
envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am
19         readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In
the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier
20         the same day.

21

☐    **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and
correct copies of the above document(s) via a facsimile machine at telephone number Fax # to the persons and the
22         fax numbers listed above. The fax transmission was reported as complete and without error. The transmission
report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is**
23         **attached or** ☐ **will be filed separately with the court.**

24    I declare under penalty of perjury pursuant to the laws of the State of California that the
foregoing is true and correct.

25

Executed November 2, 2010, at San Francisco, California.

26

27
DOROTHY SILVER

28

9

DEFS' ANSWER TO COMPLAINT        Case No. 10- 504362                    n:\lit\li2010\110449\00660038.doc

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

NOV 0 3 2010

CLERK OF THE COURT
BY: ___WESLEY RAMIREZ___
Deputy Clerk

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  ANDREW GSCHWIND, State Bar #231700
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3973
6  Facsimile:    (415) 554-3837

7  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO
8  and JOSEPH MCCLOSKEY

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF SAN FRANCISCO

11                         UNLIMITED JURISDICTION

12
   FRED BROUSSARD,                          Case No. CGC-10-504362
13
        Plaintiff,                          **DEFENDANTS' DEMAND FOR TRIAL BY
14                                          JURY**
        vs.
15                                          Date Action Filed:    October 4, 2010
   JOSEPH MCCLOSKEY; CITY AND               Trial Date:           None Set
16 COUNTY OF SAN FRANCISCO; DOES 1-
   20, inclusive,
17
        Defendants.
18

19

20        Defendants City and County of San Francisco, a municipal corporation, and Joseph McCloskey

21 hereby demand a trial by jury on all issues so triable.

22 Dated:  October 27, 2010
                                      DENNIS J. HERRERA
23                                    City Attorney
                                      JOANNE HOEPER
24                                    Chief Trial Deputy

25
                              By:
26                                    ANDREW GSCHWIND
                                      Deputy City Attorney
27
                                      Attorneys for Defendants
28
                                           1

DEFS' DEMAND FOR JURY TRIAL        Case No. 10-504362        n:\lit\li2010\110449\00660053.doc

## PROOF OF SERVICE

I, DOROTHY SILVER, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On November 2, 2010, I served the following document(s):

### DEFENDANTS' DEMAND FOR TRIAL BY JURY

on the following persons at the locations specified:

Arnold I. Berschler, Esq.
BERSCHLER ASSOCIATES, PC
22 Battery Street, Suite 801
San Francisco, CA  94111
Fax: (415) 398-1410

*Attorneys for Plaintiff*

Joseph May
LAW OFFICE OF JOSEPH S. MAY
22 Battery Street, Suite 801
San Francisco, CA  94111
Fax: (415) 398-1410

*Attorneys for Plaintiff*

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached or ☐ will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 2, 2010, at San Francisco, California.

DOROTHY SILVER

2

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joseph S. May, SBN 245924<br>Law Office of Joseph S. May<br>22 Battery Street, Suite 810<br>San Francisco, CA 94111<br><br>TELEPHONE NO.: (415) 781-3333  FAX NO. *(Optional):* (415) 398-1410<br>E-MAIL ADDRESS *(Optional):* joseph@josephmaylaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Fred Broussard | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, California, USA 94102<br>BRANCH NAME: Civic Center Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: Fred Broussard |
| DEFENDANT/RESPONDENT: Joseph McCloskey, City and County of San Francisco |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-10-504362 |

TO *(insert name of party being served):* Joseph McCloskey

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 5, 2010

Joseph S. May
_____
  (TYPE OR PRINT NAME)

▶ _____
  (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
    Civil Case Cover Sheet
    Alternative Dispute Resolution (ADR) Program Information Packet
    Case Management Statement
    Notice to Plaintiff

*(To be completed by recipient):*

Date this form is signed: 11/2/2010

Andrew Gschwind DCA for
_____
  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
   ON WHOSE BEHALF THIS FORM IS SIGNED)
Joseph McCloskey

▶ _____
  (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Deputy City Attorney

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

10-02824

POS-015

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Joseph S. May, SBN 245924
Law Office of Joseph S. May
22 Battery Street, Suite 810
San Francisco, CA 94111

TELEPHONE NO.: (415) 781-3333   FAX NO. *(Optional):* (415) 398-1410
E-MAIL ADDRESS *(Optional):* joseph@josephmaylaw.com
ATTORNEY FOR *(Name):* Plaintiff Fred Broussard

RECEIVED
MAYOR'S OFFICE

10 OCT -7 AM 11: 21

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California, USA 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Fred Broussard

DEFENDANT/RESPONDENT: Joseph McCloskey, City and County of San Francisco

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-10-504362 |

TO *(insert name of party being served):* City and County of San Francisco

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 5, 2010

Joseph S. May
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   Civil Case Cover Sheet
   Alternative Dispute Resolution (ADR) Program Information Packet
   Case Management Statement
   Notice to Plaintiff

*(To be completed by recipient):*

Date this form is signed: 10/26/10

Andrew Gschwind, DCA for
City + County of San Francisco
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Arnold I. Berschler, SBN 56557, Berschler Associates, PC
Joseph S. May, SBN 245924, Law Office of Joseph S. May
22 Battery Street, Suite 810
San Francisco, CA 94111
TELEPHONE NO: (415) 398-1414   FAX NO: (415) 398-1410
ATTORNEY FOR *(Name):* Plaintiff FRED BROUSSARD

**FOR COURT USE ONLY**

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT
2010 OCT -4  PM 2:00
CLERK OF THE COURT
BY:
DEPUTY CLERK
D. STEPPE

CM-010

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Broussard v. McCloskey

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CGC-10-504362 |
| | | | JUDGE | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Six (6)
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 4, 2010

Arnold I. Berschler
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties In Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
MAYOR'S OFFICE

10 OCT -7 AM 11: 21

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOSEPH McCLOSKEY; CITY AND COUNTY OF SAN FRANCISCO;
DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FRED BROUSSARD

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court, Civic Center Courthouse
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso)*
CGC-10-504362

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arnold I. Berschler, Berschler Associates, PC and Joseph S. May, Law Office of Joseph S. May
22 Battery Street, Suite 810, San Francisco, California 94111 Telephone: (415) 398-1414; (415) 781-3333

DATE: OCT 0 4 2010
*(Fecha)*
CLERK OF THE COURT
Clerk, by D. STEPPE , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2010 OCT -4 PM 2:01

CLERK OF THE COURT
BY:_____
D. STEFFE

1   Arnold I. Berschler   SBN 56557
    BERSCHLER ASSOCIATES, PC
2   22 Battery Street, Suite 810
    San Francisco, CA 94111
3   Telephone (415) 398-1414
    Facsimile (415) 398-1410
4   info@berschler.com

5   Joseph S. May   SBN 245924
    LAW OFFICE OF JOSEPH S. MAY
6   22 Battery Street, Suite 810
    San Francisco, CA 94111
7   Telephone (415) 781-3333
    Facsimile (415) 398-1410
8   joseph@josephmaylaw.com

9   Attorneys for Plaintiff
    FRED BROUSSARD

10

CASE MANAGEMENT CONFERENCE SET

MAR 0 4 2011 -9:00 AM

DEPARTMENT 212

11

12              IN THE SUPERIOR COURT OF CALIFORNIA
                  COUNTY OF SAN FRANCISCO
13                  UNLIMITED JURISDICTION

14                                      CGC-10-504362
    FRED BROUSSARD                      Case No.

15                  Plaintiff,

16          v.                          **COMPLAINT FOR
                                        DAMAGES**
17  JOSEPH McCLOSKEY; CITY AND
    COUNTY OF SAN FRANCISCO; DOES 1-
18  20, inclusive,

19                  Defendants.

20

21      COMES NOW PLAINTIFF FRED BROUSSARD, and complains against Defendants

22  JOSEPH McCLOSKEY, CITY AND COUNTY OF SAN FRANCISCO, and DOES 1-20,

23  inclusive, and each of them, as follows:

24                          **INTRODUCTION**

25      1. This action alleges civil rights violations and other claims based on the striking by San

26  Francisco Police Officer Joseph McCloskey of Plaintiff Fred Broussard, a weak, 58-year-old,

27  unarmed man, in the head with a police baton, causing a fractured skull and other severe and

28  permanent injuries.

                                1

**PARTIES**

2. Plaintiff FRED BROUSSARD is an adult over the age of eighteen and at all times mentioned herein was, and is a resident of San Francisco County, California.

3. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereafter "CCSF") is a municipal entity, organized under the laws of the state of California, and owns, operates, manages, directs and controls the San Francisco Police Department ("SFPD"), which employs the other named defendant in this action.

4. Defendant JOSEPH McCLOSKEY (hereafter "McCLOSKEY") is and at all times mentioned herein was an adult over eighteen years old, a resident of the State of California and a Sergeant with the San Francisco Police Department, and at all times mentioned herein was acting in the course and scope of his employment, and under color of state law. Defendant McCLOSKEY is sued herein in both his official and individual capacities.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as Doe 1-20, inclusive, are unknown to Plaintiff, who sues said defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities if and when the same are ascertained. Plaintiff is informed and believes, and thereon alleges, that said Defendants, and each of them, are responsible in some manner for Plaintiff's damages as herein alleged. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

**JURISDICTION AND VENUE**

7. The amount in controversy exceeds the minimum amount required to bring the case within the Unlimited Jurisdiction of this Court.

1    8. Venue is proper in this Court because the acts or omissions giving rise to the action

2  occurred in the City and County of San Francisco and because at least one Defendant resides in

3  the City and County of San Francisco.

4                          **GENERAL ALLEGATIONS**

5    9. During the morning of October 12, 2009, Plaintiff was walking on a public street in

6  San Francisco.

7    10. At said time and place, San Francisco Police Officer Jones, Star #1922 approached

8  and forced Plaintiff to the ground in a prone position.

9    11. Defendant McCLOSKEY arrived at the scene shortly thereafter. Despite the fact that

10  Plaintiff, a frail fifty-eight-year-old man, was neither struggling, resisting, exhibiting any violent

11  or aggressive behavior, nor otherwise posing any threat of harm to anyone, Defendant

12  McCLOSKEY drew his department-issued baton and struck Plaintiff directly in the head with

13  such force that it fractured Plaintiff's skull, resulting in severe injuries and damage, as more fully

14  set forth hereinafter.

15    12. The conduct herein alleged of Defendant McCLOSKEY and DOES 1-10, and each of

16  them, was perpetrated upon Plaintiff with intent, malice, and without provocation, or in the

17  alternative was done in reckless disregard of Plaintiff's rights. Each and every use of force

18  described herein was without warning to Plaintiff and was objectively unreasonable under the

19  circumstances. Each defendant either personally used unreasonable and unnecessary force upon

20  Plaintiff, or authorized, ratified, or contributed to such conduct.

21    13. The conduct herein alleged of Defendant McCLOSKEY and DOES 1-10, and each of

22  them, was perpetrated upon Plaintiff negligently in that said defendants failed to use reasonable

23  care to ensure no excessive force was used on Plaintiff. Each and every use of force described

24  herein was without warning to Plaintiff and was objectively unreasonable under the

25  circumstances. Each defendant either personally used unreasonable and unnecessary force upon

26  Plaintiff, or authorized, ratified, or contributed to such conduct.

27    14. On information and belief, Defendants and other officers, including DOES 1-10,

28  have given false statements, filed false police reports, improperly completed Use of Force

3

1    reports, concealed material information, improperly investigated this matter, and have otherwise

2    attempted to cover up their and other officers' misconduct, violations of Constitutional rights,

3    and other tortious and unlawful conduct.

4        15. Plaintiff is informed and believes and thereon alleges that Defendant CCSF and

5    DOES 11-20 have received numerous complaints and have extensive additional information

6    concerning use of excessive force and other acts of misconduct in violation of the rules and

7    procedures of the SFPD, and the rights of the public, committed by various SFPD officers,

8    including but not limited to Defendant McCLOSKEY and DOES 1-10. Specifically, Plaintiff is

9    informed and believes and thereon alleges that Defendant McCLOSKEY routinely uses

10    excessive force as a pattern of his practice as a police officer, including without limitation,

11    violently, unlawfully kicking a man who was handcuffed on the floor, prior to battering Plaintiff,

12    as a result of which a finding of excessive force was made by the SFPD's Office of Citizen

13    Complaints against Defendant McCLOSKEY.

14        16. Defendants CCSF and DOES 11-20, and each of them, by their deliberate acts,

15    reckless conduct, and negligence in failing to train, supervise, discipline and/or investigate

16    complaints and/or charges against SFPD officers, including but not limited to Defendant

17    McCLOSKEY and DOES 1-10, proximately caused injuries to Plaintiff.

18        17. Plaintiff is informed and believes and thereon alleges that at all times herein alleged

19    it was the custom and policy of the SFPD and their members to permit the use of excessive force

20    against citizens. This custom and policy is evidenced by the SFPD's failure to train, supervise,

21    discipline and/or investigate complaints and/or charges against its officers who had known

22    propensities for violence and excessive force and for violating the constitutional rights of

23    citizens. The acts herein described of Defendants McCLOSKEY and DOES 1-10, and each of

24    them, were in keeping with said custom and policy of sanctioning the use of excessive force and

25    violating the constitutional rights of citizens.

26        18. Plaintiff alleges on information and belief that the conduct of the individual

27    Defendants was intentional, reckless and oppressive and was done with the intent of depriving

28    Plaintiff of his constitutional rights. The acts of the individual Defendants, therefore, are such

1   that punitive damages should be imposed against them in an amount commensurate with the
2   wrongfulness alleged herein.

3       19. On April 9, 2009 Plaintiff a Government Claim with the City and County of San
4   Francisco.

5       20. On April 15, 2010 the City and County of San Francisco notified Plaintiff that his
6   Government Claim was denied.

7   **DAMAGES**

8       21. As a direct and proximate result of the Defendants' actions and omissions alleged
9   herein, Plaintiff sustained, among other injuries, a fractured skull, partial hearing loss, a
10  concussion and post-concussive syndrome, extreme emotional distress, anxiety, pain, suffering,
11  and an aggravation and exacerbation of pre-existing anxiety, depression and post-traumatic stress
12  disorder. Plaintiff continues to suffer the effects of pain, physical and emotional suffering, and
13  permanent personal injury, and other special and general damages compensable by law.

14      22. As a direct and proximate result of the acts and/or omissions of Defendants, and each
15  of them, Plaintiff has incurred and continues to incur medical and related expenses for treatment
16  of his injuries, in amount to be determined according to proof.

17      23. Plaintiff has incurred and will continue to incur attorneys' fees to vindicate his rights,
18  and thus is entitled to an award of reasonable attorneys' fees according to proof.

19  **FIRST CAUSE OF ACTION**<br>**BATTERY**<br>**(All Defendants)**
20

21      24. Plaintiff refers to paragraphs 1-23 of this Complaint and incorporates by
22  reference the allegations of said paragraphs as though expressly set forth at length at this point.

23      25. Defendants McCLOSKEY and DOES 1-10, and each of them, by committing
24  violence against Plaintiff, intentionally caused an offensive contact with Plaintiff's person.
25  Plaintiff did not consent to such violent and offensive acts and contact by said Defendants.

26      26. As a direct and proximate result of the conduct of Defendants as alleged herein,
27  Plaintiff suffered damages in an amount according to proof.

28

5

27. In doing the things alleged herein Defendants McCLOSKEY and DOES 1-10, and each of them, were acting in the course and scope of their employment with Defendant CCSF, rendering Defendant CCSF liable pursuant to Government Code Section 815.2.

28. The aforementioned conduct of Defendants McCLOSKEY and DOES 1-10, and each of them, was willful and malicious and was intended to oppress and cause injury to Plaintiff, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

29. Plaintiff refers to paragraphs 1-28 of this Complaint and incorporates by reference the allegations of said paragraphs as though set forth at length at this point.

30. The conduct on the part of Defendants McCLOSKEY and DOES 1-10, and each of them, described herein above was outrageous, willful, malicious, and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

31. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, all to Plaintiff's damage, in an amount according to proof at trial.

32. In doing the things alleged herein Defendants McCLOSKEY and DOES 1-10, and each of them, were acting in the course and scope of their employment with Defendant CCSF, rendering Defendant CCSF liable pursuant to Government Code Section 815.2.

33. The aforementioned conduct of Defendants McCLOSKEY and DOES 1-10, and each of them, was willful and malicious and was intended to oppress and cause injury to Plaintiff, entitling Plaintiff to punitive damages.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
### NEGLIGENCE
### (All Defendants)

34. Plaintiff refers to paragraphs 1-33 of this Complaint and incorporates by reference the allegations of said paragraphs as though set forth at length at this point.

6

1      35. At all times mentioned herein, Defendants, and each of them, owed a duty of care to

2   avoid causing unnecessary physical harm and distress to other persons. By taking the actions

3   described above, defendants breached their duties of care.

4      36. As a direct and proximate result of the negligence of Defendants as alleged herein,

5   Plaintiff suffered, and continues to suffer damages as described herein, in amount according to

6   proof at trial.

7      37. In doing the things alleged herein Defendants McCLOSKEY and DOES 1-10, and

8   each of them, were acting in the course and scope of their employment with Defendant CCSF,

9   rendering Defendant CCSF liable pursuant to Government Code Section 815.2.

10      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

11                      **FOURTH CAUSE OF ACTION**
        **STATE CIVIL RIGHTS VIOLATIONS [CAL CIV. CODE §52.1]**
12                          **(All Defendants)**

13      38. Plaintiff refers to paragraphs 1-37 of this Complaint and incorporates by reference

14   the allegations of said paragraphs as though set forth at length at this point.

15      39. In committing the acts herein alleged Defendants McCLOSKEY and DOES 1-10,

16   and each of them, used violence against Plaintiff that interfered with, or was an attempt to

17   interfere with, Plaintiff's rights under the California Constitution and United States Constitution

18   and Federal and State laws, including, but not limited to, the right to be free from unreasonable

19   searches and seizures.

20      40. As a direct and proximate result of the actions or omissions alleged herein, Plaintiff

21   sustained injuries and damages as herein set forth, in an amount according to proof at trial.

22      41. The conduct of Defendants as alleged herein entitles Plaintiff to an award of actual

23   damages, an additional award of up to three times actual damages, a civil penalty, and attorneys'

24   fees pursuant to California Civil Code Sections 52 and 52.1.

25      42. In carrying out the acts described herein, Defendants McCLOSKEY and DOES 1-10,

26   and each of them, acted intentionally, with malice, fraud, and oppression, and/or in reckless

27   disregard for Plaintiff's rights, entitling Plaintiff to punitive damages.

28      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### FEDERAL CIVIL RIGHTS VIOLATIONS [42 U.S.C. §1983]
### (Defendants McCLOSKEY and DOES 1-10)

43. Plaintiff refers to paragraphs 1-42 of this Complaint and incorporates by reference the allegations of said paragraphs as though set forth at length at this point.

44. All of the complained of acts and omissions alleged herein were done by Defendants under color of state law.

45. Defendants, in doing the things alleged herein, deprived Plaintiff of his rights under the United States Constitution, including but not limited to his right to be free from unreasonable searches and seizures secured by the Fourth and Fourteenth Amendments to the Constitution.

46. As a direct and proximate result of Defendants' actions as alleged herein, Plaintiff suffered damages in an amount according to proof at trial. Plaintiff was also required to retain undersigned counsel to prosecute his civil rights claims, entitling Plaintiff to an award of reasonable attorneys' fees.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### FEDERAL CIVIL RIGHTS VIOLATIONS [42 U.S.C. §1983]
### (Defendants CCSF and DOES 11-20)

47. Plaintiff refers to paragraphs 1-46 of this Complaint and incorporates by reference the allegations of said paragraphs as though set forth at length at this point.

48. Defendants CCSF and DOES 11-20, and each of them, as a matter of policy, practice, and custom, have with deliberate indifference to the rights of San Francisco residents, including Plaintiff, failed to adequately train, instruct, monitor, supervise or otherwise direct its officers and employees, including the individual Defendants herein, concerning the rights of citizens.

49. Defendants CCSF and DOES 11-20, and each of them, as a matter of policy, practice and custom, have with deliberate indifference to the rights of San Francisco residents, including Plaintiff, failed to use adequate hiring, disciplinary and firing procedures, thereby resulting in negligent and/or reckless hiring and/or retention of Defendants McCLOSKEY and DOES 1-10. Specifically, CCSF failed to adequately address the prior complaints regarding excessive use of force by Defendant McCLOSKEY, including a sustained finding of excessive force by Defendant

8

1 McCLOSKEY for kicking a man who was handcuffed on the ground. Such failure by CCSF

2 includes, but is not limited to, demoting, reprimanding, terminating, suspending, or censuring

3 Defendant McCLOSKEY.

4     50. The actions or omissions of Defendants McCLOSKEY and DOES 1-10 were

5 ordered, approved, tolerated, authorized, directed, and/or ratified by policy making officers for

6 Defendants CCSF and DOES 11-20, and each of them.

7     51. As a direct and proximate result of the acts, omissions, customs, policies, practices

8 and/or procedures of Defendants CCSF and DOES 11-20, as alleged herein, Plaintiff sustained

9 serious and permanent injuries, and other damages compensable by law, in an amount according

10 to proof at trial.

11     WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

12 **PRAYER**

13     WHEREFORE, Plaintiff prays for judgment as follows:

14     i.     For compensatory damages in an amount according to proof;

15     ii.    For punitive damages against the individual Defendants;

16     iii.   For costs of suit, including reasonable attorneys' fees;

17     iv.   For an award of up to three times actual damages and civil penalties, pursuant to

18          Cal. Civ. Code §§52 and 52.1.

19     v.     For such other and further relief as the Court may deem just and proper.

20 **DEMAND FOR JURY TRIAL**

21     Plaintiff hereby demands a trial by jury.

22

23 DATED: October 4, 2010             BERSCHLER ASSOCIATES, PC
                                      LAW OFFICE OF JOSEPH S. MAY

24

25

26                                    By: ARNOLD I. BERSCHLER

27                                  Attorneys for Plaintiff, FRED BROUSSARD

28

9

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** MAR-04-2011

**TIME:** 9:00AM

**PLACE:** Department 212
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

## PROOF OF SERVICE

I, DOROTHY SILVER, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On November 3, 2010, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION JURISDICTION) [28 U.S.C. §§ 1441, 1446] and JURY TRIAL DEMAND**

on the following persons at the locations specified:

Arnold I. Berschler, Esq.
BERSCHLER ASSOCIATES, PC
22 Battery Street, Suite 801
San Francisco, CA 94111
Fax: (415) 398-1410

Joseph May
LAW OFFICE OF JOSEPH S. MAY
22 Battery Street, Suite 801
San Francisco, CA 94111
Fax: (415) 398-1410

*Attorneys for Plaintiff*

*Attorneys for Plaintiff*

in the manner indicated below:

☒   **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐   **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached or** ☐ **will be filed separately with the court.**

☐   **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached or** ☐ **will be filed separately with the court**.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 3, 2010, at San Francisco, California.

_____
DOROTHY SILVER