IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRED BROUSSARD,

    Plaintiff,

  v.

JOHN MCCLOSKEY, CITY AND COUNTY OF SAN FRANCISCO

    Defendants.

No. C 10-04997 WHA

**FINAL PRETRIAL ORDER**

**FOR GOOD CAUSE** and after a final pretrial conference, the Court issues the following final pretrial order:

1. This case shall go to a **JURY TRIAL** on or after **MAY 7, 2012**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*. This final pretrial order supersedes all the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

2. Rulings on the motions in limine

    (A) For the reasons stated at the hearing, defendants' motion in limine number one is **DENIED WITHOUT PREJUDICE**. The adjudication of this motion depends on the extent that defendants, and specifically, Sergeant

**United States District Court**
For the Northern District of California

1   McCloskey, argue mistake at trial.  No reference to the 1997 incident
2   shall be made during opening statements.

3   (B)   For the reasons stated at the hearing, defendants' motion in limine
4         number two is **GRANTED IN PART**.  By the end of business today at
5         5:00 p.m., defendants' counsel must provide a list of three weekdays he
6         would be available to take Dr. Shirley Stiver's deposition.  Then, the
7         burden shifts to plaintiff's counsel to pick one of those three days and to
8         guarantee Dr. Stiver's attendance.  If Dr. Stiver is not deposed, then she
9         will not be allowed to testify at trial.

10  (C)   For the reasons stated at the hearing, defendants' motion in limine
11        number three is **GRANTED**.  Plaintiff filed a statement of non-opposition.

12  (D)   For the reasons stated at the hearing, defendants' motion in limine
13        number four is **GRANTED IN PART**.  Plaintiff may have some latitude on
14        questioning the venire about unrelated incidences of police brutality
15        during voir dire.  Plaintiff may not refer to unrelated incidences during
16        opening statement and presentation of evidence.  The extent to which
17        unrelated incidences can be referred to during closing is yet to be
18        determined.

19  (E)   For the reasons stated at the hearing, plaintiff's motion in limine number
20        one is **GRANTED IN PART**.  Evidence of the alleged drug deal
21        immediately prior to the arrest can be presented through firsthand
22        knowledge only.  Plaintiff's other arrests and allegations of domestic
23        violence are excluded unless plaintiff first opens the door.

24  (F)   For the reasons stated at the hearing, plaintiff's motion in limine number
25        two is **DENIED WITHOUT PREJUDICE**.  It is premature to decide the
26        extent to which Dr. William Hooker can testify regarding emotional
27        distress.  No reference to Dr. Hooker can be made during opening
28        statements.

2

    (G)    For the reasons stated at the hearing, plaintiff's motion in limine number three is **DENIED WITHOUT PREJUDICE**. The extent to which Dr. Rajeev Kelkar can testify will be determined at the end of plaintiff's case in chief.

    (H)    For the reasons stated at the hearing, plaintiff's motion in limine number four is **GRANTED IN PART**. The police report regarding the domestic violence incident will be excluded unless plaintiff opens the door. Even then, it is unlikely that the actual report can come into evidence. The motion is denied with regard to plaintiff's medical records.

    (I)    For the reasons stated at the hearing, plaintiff's motion in limine number five is **DENIED WITHOUT PREJUDICE**. Defendants have agreed to scale back Dr. Hooker's testimony. The extent to which Dr. Hooker has sufficient foundation to testify about crack cocaine use must be determined in a hearing outside the presence of the jury. Defendants have a good faith basis to ask whether plaintiff is a crack cocaine addict.

Two caveats: Any denial above does not mean that the evidence at issue in the motion is admitted into evidence — it must still be moved into evidence, subject to other possible objections, at trial. And, a grant of a motion in limine does not exclude the evidence under any and all circumstances; the beneficiary of a grant may open the door to the disputed evidence, for example.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties.

5. A jury of **EIGHT PERSONS** shall be used.

6. Each side shall have **EIGHT HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements and closing arguments shall not count against the limit. If, despite being efficient, non-duplicative, and non-argumentative in the use of the allotted time, one side runs out of time and it would be a miscarriage of justice to hold that side to the limit, then more time will be allotted.

7. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

**IT IS SO ORDERED.**

Dated: May 1, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE